# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER KREGLOW<br>6742 North Koke Street<br>Degraff, Ohio 43318 | : <br><br>: | |
| Plaintiff, | : | CASE NO. 2:14-cv-0004 |
| v. | : | JUDGE |
| HONDA TRANSMISSION MANUFACTURING<br>   OF AMERICA, INC.<br>c/o Statutory Agent Corporation<br>52 East Gay Street<br>Columbus, Ohio 43215 | :<br><br>:<br><br>: | MAGISTRATE JUDGE |
| and | : | |
| SEDGWICK CLAIMS MANAGAMENT<br>   SERVICES, INC.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114 | :<br><br>:<br><br>: | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff Jennifer Kreglow proffers this Complaint for damages against Defendant Honda Transmission of America Mfg. ("HTM"), Inc., and Sedgwick Claims Management Services, Inc. ("Sedgwick").

## THE PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant HTM is an Ohio corporation with manufacturing facilities in Logan County, Ohio, and the administrator of its short-term and long-term benefits plans.

3.     Defendant Sedgwick is an Illinois corporation licensed to do business in the State of Ohio, and the third-party administrator of Defendant HTM's employee benefits plans.

## JURISDICTION AND VENUE

4.     Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

5.     Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a production facility in Logan County, Ohio, and all of the events in question took place as a result of Plaintiff's employment at that facility.

## FACTUAL BACKGROUND

6.     Plaintiff was employed by Defendant HTM, as a Production Associate at its production facility in Russells Point, Ohio.

7.     Plaintiff last performed work at Defendant's facility on or about July 11, 2013.

8.     At the time of her last performing work for Defendant, Plaintiff was suffering from a seizure disorder. This ailment had been reported to Defendant HTM, who pulled Plaintiff from its production line on July 11, 2013.

9.     Plaintiff corresponded regularly with Defendant Sedgwick from the time she was sent home on July 11, 2013, and made timely application for Short-Term Disability benefits.

10.     At some time during the leave, either Defendant Sedgwick failed to relay Plaintiff's contacts with it to Defendant HTM, or Defendant HTM failed to acknowledge receipt of the fact that Defendant Sedgwick had informed it of Plaintiff's regular contacts. In any event, Defendant HTM, on August 27, 2013, accused Plaintiff of not providing information to

Defendant Sedgwick in a timely fashion, and issued an ultimatum for Plaintiff to return to work or be discharged.

11. On or about October 10, 2000, Defendant HTM informed Plaintiff that she had been terminated as an employee.

12. On November 7, 2013, Defendant Sedgwick told Plaintiff that the termination of Plaintiff's employment with Defendant HTM ended her right to appeal the denial of her short-term (and potentially long-term) disability benefits under Defendant HTM's employee benefits plans. (Exhibit 1)

## COUNT I
## UNLAWFUL DENIAL OF ERISA BENEFITS
## 29 U.S.C. §1132(a)(1)(B)

13. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-12 above as if fully rewritten here.

14. Plaintiff was a participant in Defendant HTM's employee benefits plans, which included short-term and long-term disability benefits.

15. Plaintiff's medical condition as of July 11, 2013, and to this date, means that she was, and is, disabled under the terms of Defendant HTM's short-term and long-term disability elements of Defendant HTM's employee benefits plans.

16. Defendants, each one, breached the terms of Defendant HTM's employee benefits plans by not granting Plaintiff short-term disability benefits, which would have also eventually led to Plaintiff being granted long-term disability benefits under the terms of the plans.

17. Defendant Sedgwick's November 7, 2013, letter informed Plaintiff that she had exhausted the appeals procedure set forth in the plans, i.e. she was informed that she has no further rights of appeal other than the Courts.

3

18. Defendant's breach of the terms of its employee benefits plans entitles Plaintiff, pursuant to 29 U.S.C. §1132(a)(1)(B), to monetary damages which include any and all benefits she would have rightfully received, to prejudgment interest on all benefits which should have been rightfully received, and to have her rights to any continuing benefits restored, in an amount to be determined at trial, but in any event not less than $150,000.00.

## COUNT II
## WRONGFUL DISCHARGE IN RETALIATION FOR EXERCISE OF ERISA RIGHTS
## 29 U.S.C. §1140

19. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-18 above as if fully rewritten here.

20. Plaintiff had kept timely contact with Defendant Sedgwick as to her absences and the reason(s) for those absences.

21. Defendant Sedgwick's November 7, 2013, letter informed Plaintiff that her appeal of benefits would not be further processed due to Defendant HTM discharging her from employment.

22. Defendant HTM denied in bad faith that Plaintiff had kept proper contact, and unlawfully discharged Plaintiff so as to avoid having Plaintiff's appeal of her denial of short-term disability benefits processed by Defendant Sedgwick so that it would not need to pay out on those benefits, and potentially on long-term benefits that would also have likely ensued.

23. Defendant HTM's discriminatory discharge of Plaintiff, pursuant to 29 U.S.C. §1140 (ERISA §510), to monetary damages which include any and all benefits she would have rightfully received, to prejudgment interest on all benefits which should have been rightfully received, and to have her rights to any continuing benefits restored, and attorneys fees and

costs for the bad faith nature of the discharge, in an amount to be determined at trial, but in any event not less than $200,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, any and all benefits to which Plaintiff was rightfully entitled, to prejudgment interest on past benefits wrongly denied, and to restoration of Plaintiff's rights to continuing benefits, in an amount to be determined at trial, but in any event not less than $150,000.00; and,

for Count II, any and all benefits to which Plaintiff was rightfully entitled, to prejudgment interest on past benefits wrongly denied, and to restoration of Plaintiff's rights to continuing benefits, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $200,000.00.

                Respectfully Submitted,

                s/ Gary A. Reeve
                Gary A. Reeve (0064872)
                Trial Attorney for Plaintiff
                Law Offices of Gary A. Reeve, LLC
                P.O. Box 7866
                Columbus, Ohio  43207
                (614) 808-1881